IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY A. SPEAGLE,

      Petitioner,

v.

                                  Case No. 3:26-CV-552-NJR

STATE OF ILLINOIS,

      Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Billy A. Speagle brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his Illinois state conviction. (Doc. 1). In his petition, Speagle asserts that his indictment was void because he was charged under a repealed statute (Ground 1), his term of Mandatory Supervised Release ("MSR") violates Illinois law and his constitutional rights (Ground 2), he has been held on a Sexually Violent Predator petition that was the result of a void indictment, thereby violating his due process rights (Ground 3), and the State of Illinois violated his constitutional rights when it failed to properly collect and store Internet addresses (Ground 4). He asks the Court to throw out his indictment, discharge him from state custody immediately, and find that he cannot be civilly committed on the void indictment.

The matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition

Page 1 of 8

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under § 2254, a district court shall review an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. § 2254(a). Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

### BACKGROUND

Speagle is currently confined at the Rushville Treatment and Detention Center within the Illinois Department of Corrections awaiting trial on the Illinois Attorney General's Petition for Sexually Violent Person Commitment.[1] (*See* Doc. 1 at p. 16). On August 21, 2013, Speagle pleaded guilty and was sentenced to seven years' imprisonment and three years of MSR for Aggravated Criminal Sexual Abuse and four years' imprisonment and three years to life of MSR for Aggravated Child Pornography. *See People v. Speagle*, 2013CF62 (Fayette Cty., Ill.). The sentences were ordered to be served consecutively. *Id.* Judgment was entered the following day, August 22, 2013. Speagle did not file a direct appeal.

Speagle filed a petition for postconviction relief in state court on April 29, 2014. He

---

[1] The trial is currently set to begin on July 20, 2026. *See In re the Commitment of Billy A. Speagle*, 2018MR93 (Fayette Cty., Ill.).

was appointed counsel, who filed two amended petitions. Speagle then withdrew his petition for postconviction relief on March 23, 2015, on his attorney's recommendation. (Doc. 1 at p. 5).

Nothing further was filed in Speagle's criminal case for the next eight years until an attorney for Speagle filed a petition for habeas corpus relief on July 17, 2023, arguing that he was charged under a void statute. The Fayette County court denied the petition on February 16, 2024. The court acknowledged that Speagle was charged for conduct that occurred between July 2012 and March 2013, and that the statute under which he was charged was repealed on January 1, 2013. (Doc. 1 at p. 16). However, the Illinois legislature reenacted the same statute on January 1, 2013, and it contained the same crime with the same classification. (*Id.*). In other words, the court noted, "[t]he conduct of the Defendant was always a crime no matter how the statute is titled." (*Id.*). Thus, the court held that Speagle's judgment on his conviction was not void. (*Id.*).

The Fayette County court instructed Speagle that any notice of appeal must be filed within 30 days of its February 16, 2024 order. Speagle's attorney, however, did not file a notice of appeal until April 15, 2024. (Doc. 1 at p. 23). Thus, the Illinois Court of Appeals found that it lacked jurisdiction to hear the case and dismissed it pursuant to Illinois Supreme Court Rule 303. (*Id.*). The Illinois Supreme Court denied Speagle's Petition for Leave to Appeal on November 26, 2025.

## DISCUSSION

A one-year statute of limitations applies to petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). The limitation period is triggered by the latest of the following events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D).

A "properly filed" state post-conviction petition tolls the one-year limitations period for the duration of the state post-conviction review. *Id.* at § 2244(d)(2).

Here, judgment was entered in Fayette County on August 22, 2013. Because Speagle did not file a direct appeal, his judgment became final on September 21, 2013. ILL. SUP. CT. R. 606(b) (a notice of appeal must be filed within 30 days after the entry of final judgment). Under § 2244(d)(1)(A), Speagle then had one year to file his habeas corpus petition. Suffice to say, his petition filed on April 27, 2026, is untimely.[2]

Speagle may have believed he could file a petition in this Court because the Illinois Supreme Court denied his PLA regarding his second post-conviction motion on November 26, 2025. But federal habeas corpus is not the equivalent of another round of appellate review of state court proceedings. The one-year statute of limitations began

---

[2] Even if Speagle's post-conviction motion filed on April 29, 2014, tolled the statute of limitations, he withdrew the petition on March 23, 2015. Thus, the limitations period was only tolled for approximately 11 months.

running when Speagle's judgment became final in 2013, and it ended years ago. Thus, Speagle's petition is time-barred.

## CONCLUSION

It plainly appears from Speagle's petition that he is not entitled to relief. Therefore, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires district courts to consider whether to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)) (emphasis omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

Here, there is no basis for finding that reasonable jurists would debate the

correctness of this procedural ruling or that petitioner presented a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

### NOTICE OF APPELLATE RIGHTS

If petitioner wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before going to the Seventh Circuit.

If petitioner chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. The undersigned has already declined to issue a certificate of appealability. Thus, petitioner must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. He must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if petitioner files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If petitioner cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund

account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if petitioner wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo* , 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–

20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   May 8, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**